**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3326
_____

NIHAL MENEKSE,
                              Appellant

v.

HARRAH'S CHESTER CASINO & RACETRACK
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. 2-12-cv-04912)
District Judge: Honorable L. Felipe Restrepo
_____

Submitted under Third Circuit L.A.R. 34.1(a) March 21, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*

(Opinion Filed: May 5, 2016)

_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*:

_____

   *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Appellant Nihal Menekse appeals the District Court's grant of summary judgment against her on her claims against Harrah's Chester Casino & Racetrack ("Appellee") for unlawful retaliation related to her Family and Medical Leave Act ("FMLA") leave, and for unlawful retaliation for what Menekse alleged was protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. We agree with the District Court's conclusions that Menekse cannot make out a prima facie case of retaliation under Title VII and that Menekse did not put forth sufficient evidence to demonstrate pretext on her FMLA retaliation claim. We will affirm.

## I. Background

Menekse, who began working for Harrah's in 2007 as a beverage server, complains of harassment that began in 2008. Menekse claims that upon discovering her national origin and religion (Menekse is Turkish and Muslim), her supervisor, John Truitt, began making harassing comments to her, imposing unfair discipline, and refusing to give her seniority privileges. Menekse also claims that, on several occasions, Truitt refused to give her requested leave, as is required under the FMLA. Based on this treatment, Menekse claims that she complained to management.

Menekse further claims that she was harassed by two of her co-workers because of her national origin and religion. First, in March or April of 2011, a Harrah's casino dealer asked Menekse what her nationality was. Menekse answered the question and claims that the dealer replied: "Are you a terrorist? [] Do you have a bomb?" J.A. 402. Menekse also complains of an incident around the same time in which another casino

dealer, upon learning she was from Turkey, said to her: "Are you a Turkey—are you gobble, gobble, are you going to be cooked for Thanksgiving?" J.A. 415.

Menekse claims that she complained to a supervisor about both instances of alleged harassment. At her deposition, Menekse stated that she told a Human Resources representative about the terrorist comment. Menekse also indicated that a supervisor initially reported the terrorist comment to management. As for the second incident, Menekse stated that she complained to her union representative, but did not complain to anyone in Harrah's management.

From March 2011 onward, Menekse had several disciplinary problems. In March 2011, she was disciplined for serving a guest more than three alcoholic beverages without notifying a supervisor, in violation of Harrah's policy. In March 2011, Menekse applied for additional FMLA time, and believing the request had been approved, took the days off in April 2011.[1] Since Menekse was not actually approved for the leave, she was disciplined for missing days of work. In June 2011, Menekse received a negative performance evaluation. Finally, in July 2011, she was disciplined for being outside of her work area for more than fifteen minutes.

On July 5, 2011, Menekse was involved in an incident that led to her termination. On that day, another server attempted to serve patrons in Menekse's assigned area. In

_____

[1] Appellee asserts that management replied to Menekse's request and directed her to submit additional information. When management received no follow-up from Menekse, it denied her request. Menekse claims that she does not recall receiving this

3

response, Menekse claims that she told the server: "stay the fuck out of my section."[2] J.A. 678. Menekse was suspended soon thereafter, and was terminated on July 6, 2011. Harrah's maintains that it believed the statement was a threat, and terminated Menekse on that basis.

Menekse then filed suit in August 2012, alleging that Harrah's unlawfully retaliated against her for complaining about harassment in violation of Title VII, and unlawfully retaliated against her for taking FMLA leave. The District Court granted summary judgment for Harrah's on both counts. With regard to Menekse's Title VII claim, the Court concluded that Menekse put forth insufficient evidence to establish a prima facie case. The Court also concluded that Menekse's FMLA claim failed because there was insufficient evidence to demonstrate pretext. Menekse now appeals.

## II. Analysis[3]

We exercise plenary review of the District Court's order for summary judgment. *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 251 (3d Cir. 2014). "In conducting our review, we view the record in the light most favorable to the party opposing the motion and draw all reasonable inferences in his favor." *Baldassare v. New Jersey*, 250

---

communication and that she was not aware that her application was missing any information.

[2] A Harrah's report completed on the day of the incident states that Menekse said: "She better stay out of my section or I will fuck her up, I mean it!!!!" J.A. 798. Menekse denies using those precise words.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

4

F.3d 188, 192 n.1 (3d Cir. 2001).

**A. Retaliation for Complaint**

To establish a prima facie case for Title VII retaliation, a plaintiff must show: (1) that she engaged in a protected activity, which can include "informal protests of discriminatory employment practices" such as making complaints to management; (2) adverse action taken "by the employer either after or contemporaneous with the employee's protected activity;" and (3) a causal connection between the protected activity and the adverse action. *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).

The District Court correctly concluded that Menekse could not demonstrate a causal link between her complaints and termination. The time period between Menekse's most recent complaint (March or April 2011) and her termination (July 2011) does not, on its own, raise an inference of causation. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000). Further, Menekse presented little to show that the evidence as a whole raises an inference of causation. As the District Court noted, Menekse did not "depose any decisionmakers or witnesses or provide documents that adequately support her claim." J.A. 11.

Menekse argues that the District Court failed to consider evidence showing that between 2010 and 2011 she received no disciplinary action, but then after complaining in March 2011 she was repeatedly the subject of discipline. Menekse contends that the uptick in disciplinary action after her complaint, when contrasted with her previous good

5

conduct is sufficient to raise an inference of causation. However, the record demonstrates that Menekse received discipline from 2007 (the year she started at Harrah's) to and throughout 2009. While the record suggests that Menekse was not formally disciplined[4] in 2010 and for some months in 2011, such evidence alone, especially in the context of Menekse's complete disciplinary record, is insufficient to establish a causal relationship.[5] Thus, the District Court properly found that Menekse failed to establish a prima facie case of retaliation under Title VII.

## B. Retaliation for Taking FMLA Leave

Menekse also argues that she was retaliated against for attempting to assert her FMLA rights and for making a complaint about an FMLA violation. To make a prima facie case of FMLA retaliation under 29 U.S.C. § 2615(a)(2), the plaintiff must establish that: (1) she was protected under the FMLA; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the exercise of her FMLA rights. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009).

If the plaintiff succeeds in her prima facie case, the defendant must articulate a

---

[4] Harrah's filed a "Slot Incident Report" in September of 2010, describing an incident in which Menekse addressed casino patrons in a "poorly matter," J.A. 717, however it is unclear whether formal discipline was taken against Menekse in relation to this incident.

[5] Menekse attempts to explain her pre-2010 disciplinary record by pointing to the alleged discriminatory animus of supervisor John Truitt. Menekse essentially argues that, absent Truitt's discrimination, she would have a clean record, and therefore the discipline she received in 2011 is more suspect. However, Menekse puts forth no competent evidence to show or suggest that Truitt had knowledge of her religion or her national origin. Thus, these alleged facts do not assist in demonstrating causation.

legitimate, non-discriminatory reason for the adverse employment action. *See Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014) (citing *Keller v. Orix Credit Alliance, Inc*., 130 F.3d 1101, 1108 (3d Cir. 1997). "The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the articulated reason was [] pretext for discrimination." *Id.*

We agree with the District Court that, even if she can establish a prime facie case, Menekse failed to demonstrate pretext on her FMLA claim. Menekse was terminated one week after her most recent request for FMLA leave on June 30, 2011. The District Court was correct to conclude that "the one-week gap . . . is sufficiently small that it creates a triable issue as to whether her request for FMLA leave was the cause of her termination." J.A. 13. Menekse could not, however, establish pretext as she did not show that Harrah's proffered reasons for her termination were so weak so as to be disbelieved. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 800 (3d Cir. 2003). On this point, the District Court noted that Menekse presented no evidence.

On appeal, Menekse argues that the following evidence can establish pretext: first, the fact that her statement was not actually a threat; second, the temporal proximity between her request and her termination; and third, Harrah's previous denials of her FMLA requests. None of this evidence can establish pretext. The record evidence indicates that Harrah's reasonably believed Menekse's statement was a threat. While Menekse might have a different view as to how her statement was interpreted, this disagreement does not establish pretext. *Id.* (stating that an employee's "personal view of

7

his employer's explanation . . . falls far short of establishing pretext").  Menekse fares no better on her arguments regarding temporal proximity and Harrah's denials of her FMLA requests.   Without more, such evidence cannot raise an inference of pretext, given Menekse's history of disciplinary infractions, which are documented in the record, and which began long before the leave requests at issue.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.